IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02757-BNB

(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

TELELA SHINAULT,

    Plaintiff,

v.

JUDGE KERRY HADA, and
JUDGE MARY CELESTE,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Telela Shinault, resides in Denver.  She initiated this action by submitting *pro se* a Complaint (ECF No. 1) for money damages, apparently pursuant to the Fair Housing Act, and an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2).  Ms. Shinault will be granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.

The Court must construe the Complaint liberally because Ms. Shinault is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss the action if the claims Ms. Shinault is asserting are frivolous.  A legally frivolous claim is one in which

the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Ms. Shinault is suing two Denver County Court judges, the Honorable Kerry Hada and the Honorable Mary Celeste, for their rulings in state court proceedings concerning Plaintiff's allegedly wrongful eviction. Ms. Shinault cannot obtain the relief she wants in this lawsuit by suing the judicial officers who presided over her state court eviction proceedings because she disagrees with their decisions. Judges Hada and Celeste are entitled to absolute immunity from liability for actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. 356–57. Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief. *See Ysais v. New Mexico*, No. 09-2109, 373 F. App'x 863, 866 (10th Cir. April 16, 2010) (unpublished). Although these cases discuss judicial immunity in the context of civil rights suits pursuant to 42 U.S.C. § 1983, no federal statute needs specifically to exclude judges in order for a judge to be entitled to judicial immunity. *See 15 Corporations, Inc. v. Denver Prosecutor's Office*, No. 13-cv-00251-WJM-MJW, 2013 WL 5781161, at *5 (D. Colo. Oct. 25, 2013) (unpublished). Ms. Shinault makes no argument supported by factual allegations that the Defendant judges acted outside of their authority or went beyond their jurisdiction.

For these reasons, the instant action will be dismissed as legally frivolous. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that Plaintiff, Telela Shinault, is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. It is

ORDERED that the Complaint (ECF No. 1) and the action are dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   10th   day of    October    , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court