IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02757-LTB

TELELA SHINAULT,

    Plaintiff,

v.

JUDGE KERRY HADA, and
JUDGE MARY CELESTE,

    Defendants.

---

ORDER DENYING MOTIONS TO RECUSE AND RECONSIDER

---

    Plaintiff, Telela Shinault, resides in Denver. On November 7, 2014, she filed a document titled "Plaintiff Response to Order of Dismissal" (ECF No. 7), which generally is unintelligible but appears to seek my recusal and request reconsideration of the dismissal of this action. Ms. Shinault disagrees with the order of October 10, 2014 (ECF No. 4), dismissing this action pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

    The Court must construe the requests liberally because Ms. Shinault is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the requests for my recusal and to reconsider the dismissal of this action will be treated as motions, and will be denied.

    The Court first will address Ms. Shinault's motion for my recusal based on bias. Because of Ms. Shinault's *pro se* status, I will construe the request for recusal as a

motion under 28 U.S.C. § 455, as well as 28 U.S.C. § 144.  Plaintiff fails to demonstrate that disqualification is appropriate pursuant to either §§ 144 or 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based on personal bias or prejudice either against the moving party or in favor of any adverse party.  Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice.  *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).  Rumor, speculation, opinions and the like do not suffice.  *Id.*  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  Although the Court must accept the facts alleged in a proper supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party.  *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).  The moving party has a substantial burden "to demonstrate that the judge is not impartial."  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Here, Ms. Shinault has failed to satisfy the procedural requirements of 28 U.S.C. § 144 in at least two crucial ways.  First, she has failed to file a supporting affidavit that is either sworn to or affirmed.  *United States v. Peltier*, 553 F. Supp. 886, 890 n.10 (D. N.D. 1982); *In re Beecher*, 50 F. Supp. 530, 531 (E.D. Wash. 1943).  In addition, there is no "certificate of counsel of record stating that [the supporting affidavit] is made in good faith."  28 U.S.C. § 144.  As the court noted in *Williams v. New York City Housing Authority*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003):

A pro se party cannot supply a certificate of counsel.  For

> this reason, at least one court has concluded that a pro se
> plaintiff cannot bring an affidavit under 28 U.S.C. § 144. *See
> Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind.
> 1996). The court in *Robinson* noted that not only are the
> requirements of Section 144 strictly enforced, but the
> requirement for a certificate of counsel of record prevents
> abuse of the section's procedures. . . . In addition, the court
> stated that parties proceeding pro se have other
> mechanisms available to them to guard against biased or
> prejudiced judges. *Id.* (noting that 28 U.S.C. § 455 provides
> an equally applicable means of protest for pro se litigants).
> [Plaintiff's] affidavit, which is submitted pro se and without a
> certificate of counsel of record, fails on this threshold matter.

*Accord Glass*, 849 F. 2d at 1267 (holding that "§ 144 requires an affidavit of bias and prejudice, which must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel").

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). "The decision to recuse is committed to the sound discretion of the district court." *Burger*, 964 F.2d at 1070 (citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification

of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. A judge is obligated not to recuse when there is no occasion for him to do so, just as he is obligated to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d at 939. If, however, disqualification under § 455(a) is a close question, the balance tips in favor of recusal. *See Nichols*, 71 F.3d at 352.

Under 28 U.S.C. § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993. The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols*, 71 F.3d at 350-51; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993 (emphasis in original). Application of 28 U.S.C. § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. *Id.* Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Section 455(a) should not be read to warrant the transformation of a litigant's

4

fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial.  *See Cooley*, 1 F.3d at 993.  The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.  *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Ms. Shinault's request for my recusal is insufficient because it fails to show personal bias or prejudice.  The request for recusal fails to make any argument that would demonstrate an appearance of partiality.  Ms. Shinault's disagreement with my ruling in the instant action is not sufficient to demonstrate that disqualification is appropriate pursuant to 28 U.S.C. § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States,* 510 U.S. 540, 555 (1994).  Therefore, the November 7 request for my recusal will be denied.

In the November 7 response, Ms. Shinault also moves the Court for relief from the October 10 dismissal order.  A litigant subject to an adverse judgment who seeks reconsideration by the district court may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Ms. Shinault's request for reconsideration was filed twenty-eight days after the Court's Order of Dismissal and Judgment were

entered on October 10. Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e).

As previously stated, on October 10, the Court dismissed the instant action as legally frivolous. The October 10 dismissal order discusses in detail the reasons for the dismissal. *See* ECF No. 4.

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

After review of the Fed. R. Civ. P. 59(e) motion and the entire file, the Court finds that Ms. Shinault fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the motion will be denied.

Accordingly, it is

ORDERED that the document titled "Plaintiff Response to Order of Dismissal" (ECF No. 7) that Plaintiff, Telela Shinault, filed on November 7, 2014, and which the Court has treated as motions to recuse and to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  13th  day of   November  , 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court